UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:20-CR-___100___ |
| v. | ) | |
| | ) | JUDGE ___Corker___ |
| YANIER N. TELLEZ a/k/a | ) | |
| YANIER N. TELLEZ-CRESPO | ) | FILED UNDER SEAL |

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(Conspiracy to Commit Bank Fraud and Aggravated Identity Theft, 18 U.S.C. § 371)**

### A. General Background

1. Eastman Credit Union ("ECU") is a "financial institution" as that term is defined in 18 U.S.C. § 20; that is, ECU is a federally chartered credit union with accounts insured by the National Credit Share Insurance Fund.

2. An "access device" is a device such as a card, plate, code, account number or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

3. A "counterfeit access device" is any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device.

4. An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

5. ECU customers and account holders receive access devices when they open accounts at ECU in the form of account numbers and plastic cards containing card numbers and

1

magnetic strips with account information. Among other data, the magnetic strips are encoded with the customers' names, unique account numbers, and other identifying data. These cards permit customers to engage in financial transactions using their accounts, including obtaining United States currency from automatic teller machines and obtaining goods and services through point of sale electronic terminals.

6. The ECU customers' names, unique account numbers, and unique card numbers are "means of identification" as that term is defined in 18 U.S.C. § 1028(d)(7).

**B. Charge**

Between on or about November 7, 2017, and on or about December 5, 2017, within the Eastern District of Tennessee and elsewhere, Lazaro Adrian Quintana Martinez (named but not charged in this indictment) and the defendant, YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit certain offenses against the United States; that is, bank fraud in violation of 18 U.S.C. § 1344(2) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

**C. Manner and Means**

It was part of the conspiracy that Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO formulated a plan and agreement which, among other things, included the following:

1. Lazaro Adrian Quintana Martinez would rent a car from Courtesy Nissan in Tampa, Florida.

2. Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO would travel in the rented car from Tampa, Florida to the Eastern

2

District of Tennessee with the purpose and intent to engage in fraudulent access device activity.

3. Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO would obtain access devices consisting of the unique ECU card numbers, account numbers, names, and other identifying electronic information from actual ECU account holders without the account holders' knowledge or consent.

4. Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO would transfer or cause to be transferred (*i.e.*, re-encode) the legitimate ECU account holders' access devices, including account numbers, account card numbers, and other unique identifying information and data, onto non-ECU access devices like prepaid gift cards and other magnetic-stripped cards, thereby creating counterfeit and unauthorized access devices.

5. Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO would engage in fraudulent transactions by using the counterfeit and unauthorized access devices in stores and shopping venues throughout the Eastern District of Tennessee, including Walgreens, CVS, Kroger, and Wal-Mart stores. By doing so, they would use the counterfeit and unauthorized access devices with ECU customers' unique means of identification, including names, account numbers, card numbers, and other identifying information, to obtain United States currency, prepaid gift cards, goods, and other things of value.

6. Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO would routinely engage in multiple fraudulent access device

3

transactions using the counterfeit and unauthorized access devices at each store and shopping venue, usually engaging in separate transactions just minutes and seconds apart.

7. Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO would take actions and make statements to hide and conceal the existence and true nature of the conspiracy.

**D. Overt Acts**

In furtherance of the conspiracy and to effect its unlawful objects, Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO committed the following overt acts, among others, in the Eastern District of Tennessee and elsewhere between on or about November 7, 2017, and on or about December 5, 2017:

1. On or about November 7, 2017, Lazaro Adrian Quintana Martinez rented a black Nissan Rogue with Florida tag APK M52 from Courtesy Nissan of Tampa.

2. Between on or about November 7, 2017, and a presently unknown date, but not later than or about November 25, 2017, Lazaro Adrian Quintana Martinez and YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO travelled from Tampa, Florida to the Eastern District of Tennessee to engage in fraudulent access device transactions.

3. On or about November 9, 2017, YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO used one or more counterfeit and unauthorized access devices to withdraw $200 and $200 of United States currency from an ATM machine in the Walgreens Store at 2240 North Roan Street, Johnson City, Tennessee. The counterfeit and unauthorized access device used during each transaction contained the unique ECU card number ending in 2288 and other identifying information belonging to an actual ECU customer whose initials are T.C. The use of said means of identification, consisting of T.C.'s

4

unique ECU card number and other identifying information, was without T.C.'s knowledge, authorization, and consent.

4. On or about November 9, 2017, YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO used one or more counterfeit and unauthorized access devices to purchase a gift card in the amount of $400 in the Walgreens Store at 2790 East Stone Drive, Kingsport, Tennessee. The counterfeit and unauthorized access device used during the transaction contained the unique ECU card number ending in 9552 and other identifying information belonging to an actual ECU customer whose initials are D.M. The use of said means of identification, consisting of D.M.'s unique ECU card number and other identifying information, was without D.M.'s knowledge, authorization, and consent.

5. On or about November 25, 2017, Lazaro Adrian Quintana Martinez used one or more counterfeit and unauthorized access devices to withdraw $400 and $200 of United States currency from an ATM machine in the Johnson City Mall at Johnson City, Tennessee. The counterfeit and unauthorized access device used during each transaction contained the unique ECU card number ending in 2347 and other identifying information belonging to an actual ECU customer whose initials are J.S. The use of said means of identification, consisting of J.S.'s unique ECU card number and other identifying information, was without J.S.'s knowledge, authorization, and consent.

6. On or about November 26, 2017, at the Walgreens store at 2790 East Stone Drive in Kingsport, Tennessee, Lazaro Adrian Quintana Martinez used and aided and abetted in using one or more counterfeit and unauthorized access devices to obtain $203, $203, $203, and $163, respectively, in United States currency. At least one or more of the counterfeit and unauthorized access devices had been re-encoded with the unique ECU

5

card number ending in 5047 and other identifying information belonging to an actual ECU customer whose initials are D.P. The use of said means of identification, consisting of D.P.'s unique ECU card number and other information, was without D.P.'s knowledge, authorization, and consent.

7. On or about November 26, 2017, at the Walgreens store at 429 North State of Franklin Road in Johnson City, Tennessee, Lazaro Adrian Quintana Martinez used and aided and abetted in using one or more counterfeit and unauthorized access devices to fraudulently obtain $203, $203, and $203 of United States currency, respectively. At least one or more of the counterfeit and unauthorized access devices had been re-encoded with the unique ECU card number ending in 0416 and other identifying information belonging to an actual ECU customer whose initials are P.C. The use of said means of identification, consisting of P.C's unique ECU card number and other information, was without P.C.'s knowledge, authorization, and consent.

8. On or about November 26, 2017, at the Walgreens store at 5104 Bobby Hicks Highway in Johnson City, Tennessee, Lazaro Adrian Quintana Martinez used and aided and abetted in using one or more counterfeit and unauthorized access devices to obtain four Vanilla gift cards in the amount of $500 each. At least one or more of the counterfeit and unauthorized access devices had been re-encoded with the unique ECU card number ending in 4715 and other identifying information belonging to an actual ECU customer whose initials are C.M. The use of said means of identification, consisting of C.M.'s unique ECU card number and other information, was without C.M.'s knowledge, authorization, and consent.

9. On or about November 26, 2017, at the Walgreens store at 2200 Memorial Boulevard in Kingsport, Tennessee, Lazaro Adrian Quintana Martinez used and aided and abetted in using one or more counterfeit and unauthorized access devices to obtain goods and United States currency in the amount of $514.70 and goods and United States currency in the amount of $105.69, respectively. At least one or more of the counterfeit and unauthorized access devices had been re-encoded with the unique ECU card number ending in 4715 and other identifying information belonging to an actual ECU customer whose initials are C.M. The use of said means of identification, consisting of C.M.'s unique ECU card number and other information, was without C.M.'s knowledge, authorization, and consent.

[18 U.S.C. § 371: 18 U.S.C. §§ 1344(2) and 1028A(a)(1)]

## COUNT TWO
### (Bank Fraud, 18 U.S.C. §§ 1344(2))

The Grand Jury reincorporates the allegations set forth in Count One, Sections A, C, and D, above. On or about November 9, 2017, at Kingsport in the Eastern District of Tennessee, YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO did execute a scheme and artifice to obtain the moneys, funds, credits, assets, securities, and other property owned by and under the control of Eastman Credit Union, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, that is, using an access device that contained the unique Eastman Credit Union card number ending in 9552 and other identifying information belonging to an actual Eastman Credit Union customer whose initials are D.M. to obtain a $400 gift card without D.M.'s knowledge, authorization, or consent.

[18 U.S.C. § 1344(2)]

## COUNT THREE
### (Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1))

The Grand Jury reincorporates the allegations set forth in Count One, Sections A, C, and

D, above. On or about November 9, 2017, at Kingsport in the Eastern District of Tennessee,

YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO, during and in relation to the felony

violation of bank fraud alleged in Count Two, above, did knowingly transfer, possess, and use,

without lawful authority, of the means of identification of another person, that is, the name of

D.M. and an Eastman Credit Union access device ending with the numbers 9552.

[18 U.S.C. § 1028A(a)(1)]

## COUNT FOUR
### (Bank Fraud, 18 U.S.C. §§ 1344(2))

The Grand Jury reincorporates the allegations set forth in Count One, Sections A, C, and

D, above. On or about November 9, 2017, at Johnson City in the Eastern District of Tennessee,

YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO did execute a scheme and artifice to

obtain the moneys, funds, credits, assets, securities, and other property owned by and under the

control of Eastman Credit Union, a financial institution, by means of materially false and

fraudulent pretenses, representations, and promises, that is, using an access device that contained

the unique Eastman Credit Union card number ending in 2288 and other identifying information

belonging to an actual Eastman Credit Union customer whose initials are T.C to obtain United

States currency without T.C.'s knowledge, authorization, or consent.

[18 U.S.C. § 1344(2)]

## COUNT FIVE
### (Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1))

The Grand Jury reincorporates the allegations set forth in Count One, Sections A, C, and

D, above. On or about November 9, 2017, at Johnson City in the Eastern District of Tennessee,

8

YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO, during and in relation to the felony violation of bank fraud alleged in Count Four, above, did knowingly transfer, possess, and use, without lawful authority, of the means of identification of another person, that is, the name of T.C. and an Eastman Credit Union access device ending with the numbers 2288.

[18 U.S.C. § 1028A(a)(1)]

## FORFEITURE ALLEGATIONS

The allegation in Count One of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) for violations of Title 18, United States Code, Section 371. The allegations in Counts Two and Four of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A) for violations of Title 18, United States Code, Section 1344(2).

Upon conviction of an offense in violation of Title 18, United States Code, Sections 371 and/or 1344(2), the defendant, YANIER N. TELLEZ a/k/a YANIER N. TELLEZ-CRESPO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained and/or traceable, directly or indirectly, as a result of any such violation, including, but not limited to the following:

A money judgment in an amount that represents the minimum proceeds the defendant personally obtained as a result of any violation of Title 18, United States Code, Sections 371 and/or 1344(2).

If any of the property described above, as a result of any act or omission of the defendant:

9

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

982(b)(1) and Title 28, United States Code, Section 2461(c).


A TRUE BILL:

GRAND JURY FOREPERSON


J. DOUGLAS OVERBEY
United States Attorney

By:     _____

Mac D. Heavener, III
Assistant United States Attorney


10