UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:20-CR-00100-DCLC-CRW |
| v. | ) ) | |
| YANIER N. TELLEZ, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence [Doc. 96]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a supplement [Doc. 97] and the Government has responded [Doc. 98].

**I.  BACKGROUND**

On April 5, 2022, Defendant pleaded guilty to the following counts contained in the Indictment: one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count 1), two counts of bank fraud in violation of 18 U.S.C. § 1344(2) (Counts 2 and 4), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts 3 and 5) [Docs. 3, 58, 59]. Based on a total offense level of 23 and a criminal history category of I, Defendant's guideline range was 46 to 57 months [Doc. 66, ¶ 77], but due to the 24-month mandatory minimum consecutive term for Counts 3 and 5, Defendant's aggregate range was 70 to 81 months [*Id*. at ¶¶ 74–76]. On September 29, 2022, the Court sentenced Defendant to 70 months: 46 months as to Counts 1, 2, and 4 and 24 months as to Counts 3 and 5 to be served consecutively [Doc. 80, pg. 2]. Defendant is currently housed at FCI Allenwood, and his projected release date is May 12,

1

2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 26, 2024). Defendant now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 821 [Doc. 96].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821 took effect on November 1, 2023 and, in relevant part, altered the application of the guidelines with respect to offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Specifically, Amendment 821 created U.S.S.G. § 4C1.1, which provides a two-level reduction of the offense level for zero-point offenders who meet certain criteria. *See* U.S.S.G. § 4C1.1(a). At the time of sentencing, Defendant was a zero-point offender, and the parties agree that he satisfies the criteria for a two-level reduction [Doc. 97, pg. 4; Doc. 98, pg. 4]. If sentenced today, Defendant's offense level would be reduced by two levels to 21, resulting in a guideline range of 37 to 46 months. Taking into account the 24-month mandatory minimum for Counts 3 and 5, Defendant's aggregate guideline range would be 61 to 70 months.

Defendant requests a nine-month reduction to the bottom of the amended guideline range. He assures that he is a "'first time offender' in every sense of the definition" and the requested sentence reduction would not undermine the Section 3553(a) factors [Doc. 96, pg. 2]. He further

2

informs that he has participated in First Step Act programs and work engagements, has been assessed as a low-risk offender, is working as a recreation orderly, and is planning his reentry into society [*Id*.]. Counsel adds that a 61-month sentence would still fully account for the characteristics of the offenses of conviction, along with the seriousness of the offenses and the need for deterrence [Doc. 97, pg. 5]. Counsel also addresses two disciplinary infractions Defendant received while in the BOP: one for being in an unauthorized area and the second for having a cell phone, charging cord, and heating element [*Id*. at pg. 7]. She asserts that such non-violent infractions should not counsel against the requested reduction because Defendant received sufficient punishment from the BOP, including the loss of earned good time credit and placement in segregated housing [*Id*.].

The Government mentions Defendant's two disciplinary infractions, but also recognizes that Defendant has completed programming, has made payments toward his restitution, and has maintained employment in the BOP [Doc. 98, pg. 4]. The Government also points out that, at the time of sentencing, the Court determined that a 70-month sentence would be necessary even if the guideline range had been determined to be 61 to 70 months [*Id*.]. Specifically, the Court denied Defendant's motion for a two-level downward departure related to the loss calculation but stated that, even with a two-level departure and a guideline range of 61 to 70 months, the appropriate sentence would still be 70 months in light of the seriousness of the offense, the need for just punishment, and the need to afford adequate deterrence [Doc. 87, pg. 62].

Based on the foregoing, the Court finds that Defendant is eligible for a sentence reduction under Part B of Amendment 821 and U.S.S.G. § 4C1.1(a), as amended. However, "the decision whether and to what extent to grant an authorized sentence reduction is discretionary," not automatic. *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010). The Court must

3

"consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010). To be sure, Defendant's efforts while in the BOP and his ambition to succeed upon release have not been overlooked. However, the Court thoroughly considered each of the § 3553(a) factors at the time of sentencing and determined that a 70-month term of imprisonment, even with an advisory guideline range of 61 to 70 months, was sufficient but not greater than necessary to accomplish the purposes of § 3553(a). Accordingly, the requested reduction is not warranted.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 96] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge